**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MIGUEL DAVID GARCIA-MORALES | ) | |
| | ) | |
| v. | ) | C.A. No. 05-223-T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**UNITED STATES' OBJECTION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Now comes the United States and hereby objects to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2005 I caused to be sent a true copy of the within Government's Objection to Defendant's Motion to Vacate, Set Aside or Correct Sentence to:

Miguel David Garcia-Morales
Reg. No.: 05366-070
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

Michael C. Perry
U.S. Probation Officer
U.S. Probation Office
36 Exchange Terrence, 3rd Fl.
Providence, RI 02903

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MIGUEL DAVID GARCIA-MORALES | ) | |
| | ) | |
| v. | ) | C.A. No. 05-223-T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

On February 6, 2004, the defendant pled guilty to a single count indictment which charged him with possession with intent to distribute heroin (21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and 18 U.S.C. § 2). The defendant admitted to being responsible for two kilograms of heroin.

The Pre-sentence Report determined that the defendant had a base offense level of 32. The defendant was eligible for and received a two level decrease pursuant to USSG § 2D1.1(b)(6). The defendant also received a three level reduction for acceptance of responsibility. The applicable reductions resulted in an offense level of 27 and a sentencing range of 70-78 months.

On May 22, 2004, the Court sentenced the defendant to 70 months imprisonment. The defendant did not appeal his sentence. The defendant filed the instant petition on May 23, 2005.

In a largely undeveloped argument, filed without a memorandum of law, the defendant raises a single claim: that his sentence was improper under United States v. Booker, 125 S.Ct. 738, 764 (2005), because he was sentenced under a mandatory guideline system. Because the defendant's sentence was final before Booker was decided, the holding in Booker does not apply to the petitioner's case and his petition should be denied.

## II. FACTS

On October 14, 2003 the DEA received information that a quantity of heroin was being dispatched from New York to Rhode Island in a Safari van containing two Hispanic males. The van was described as a two-toned grey GMC Safari with New Jersey plates. That same day, DEA agents observed a van matching that description arrive in the parking lot in the vicinity of Motel 6 and Bugaboo Creek Restaurant in Warwick, Rhode Island.

Two Hispanic males exited the vehicle and entered a Bickford's Restaurant adjacent to the Motel 6. While the individuals were in the restaurant, the DEA had two drug sniffing K-9's alert on the Safari van. Agents went into the restaurant, identified themselves, and sought permission from the driver of

the vehicle, identified as the defendant, to search the vehicle for narcotics. After obtaining consent, agents searched the vehicle.

A secret compartment was detected beneath one of the rear passenger seats. Inside of the compartment, agents seized a brown envelope found to contain two kilograms of heroin. The defendant admitted that the heroin belonged to him and not the passenger. He further stated that he was going to leave the heroin at a prearranged location off of Route 95 for pick up by unknown Rhode Island accomplices. After his arrest the defendant admitted his conduct and gave agents a written statement.

## III. ARGUMENT

### 1. The Defendant Is Not Entitled Relief Under 28 U.S.C. § 2255

The defendant has filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which states in pertinent part:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The motion must be filed within one year after entry of final judgment. Id. The movant's motion has been timely filed.

i. The Defendant Has No Claim To A Re-Sentencing Hearing Because Booker Is Not Retroactive.

Booker has not been made retroactive by the United States Supreme Court and should not be applied to cases that were final before its ruling. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) ("[P]etitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive.") See also In re Anthony Bola Olopade, 403 F.3d 159, 160, n.1 (3rd Cir. 2005)(same and collecting cases).

Booker was issued on January 12, 2005. Id. @ n.4. The defendant was sentenced on May 21, 2004, and the Judgment was signed on May 23, 2004. Even allowing a tolling of ten days during which the defendant could have filed a direct appeal, the defendant's sentence became final well in advance of Booker and his petition should be denied.

## IV. CONCLUSION

For all the foregoing reasons, the defendant's Petition should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. RO[illegible]
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2005 I caused to be sent a true copy of the within Government's Memorandum of Law in Support of its Objection to Defendant's Motion to Vacate, Set Aside or Correct Sentence to:

Miguel David Garcia-Morales
Reg. No.: 05366-070
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

Michael C. Perry
U.S. Probation Officer
U.S. Probation Office
36 Exchange Terrence, 3rd Fl.
Providence, RI 02903