**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MIGUEL DAVID GARCIA-MORALES | : | |
| | : | |
| vs. | : | C.A. No. 05-223-T |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

Ernest C. Torres, Senior United States District Judge.

Miguel David Garcia-Morales has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, that motion is denied.

**Background and Travel**

On February 6, 2004, Garcia-Morales pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. As part of his plea, he admitted to possession of two kilograms of heroin. On May 21, 2004 this Court denied Garcia-Morales' request for a downward departure and sentenced him to seventy months imprisonment. The judgment of conviction was entered on June 1, 2004, and since Garcia-Morales did not appeal, his conviction became final on June 11, 2004.

In his § 2255 motion Garcia-Morales claims that his sentence was imposed under a mandatory sentencing guidelines system, and therefore, under the Supreme Court's subsequent decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), it should be vacated and he should be re-sentenced "under the new 'Advisory

Guidelines' regime" -- which, he asserts, would result in granting his request for a downward departure. (Motion to Vacate, ¶ 12.)

**Analysis**

Garcia-Morales' claim lacks merit because it is well established that Booker is not retroactive to convictions that were final when that case was decided. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005)(citing Cirilo-Munoz). Here, Garcia-Morales's conviction and sentence became final on June 11, 2004. Thus, Garcia-Morales cannot utilize Booker to warrant a reduction or vacation of his sentence on collateral review.

Even if Booker applied to his sentence, Garcia-Morales has not shown a "reasonable probability" that this Court would have imposed a different sentence under an "advisory" guidelines regime. See United States v. Serrano-Beauvaix, 400 F.3d 50, 52 (1st. Cir. 2005)(rejecting sentencing claim where defendant "failed to carry his burden that there is a 'reasonable probability' that he would be sentenced more leniently under an advisory Guidelines system")(citing United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005)). See also United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1987)("A § 2255 motion which is facially inadequate may be summarily denied, i.e., motions stating...cognizable claims stating conclusions without specific and detailed supporting facts").

**Conclusion**

For all of the foregoing reasons, Garcia-Morales's 28 U.S.C. § 2255 motion is denied.

IT IS SO ORDERED:

Ernest C. Torres
Ernest C. Torres
Sr. U.S. District Judge

Date: 5/9/07